IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LEONARDO DEL ROSARIO-ROSARIO,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 05-1369 (PG)
(CRIMINAL 03-0097 (PG))

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. INTRODUCTION

On April 4, 2005, petitioner Leonardo Del Rosario-Rosario (hereinafter "petitioner") filed a motion to vacate his sentence under 28 U.S.C. § 2255. (Docket No. 1.) The claim is based on ineffective assistance of counsel, namely that counsel forced petitioner to plead guilty by telling him that a stricter sentence would be imposed if he decided not to enter a plea. Petitioner also alleges that counsel failed to investigate the "facts and circumstances" surrounding the case. Petitioner's last claim is that counsel's ability to effectively represent him was highly suspect due to immoral and illegal conduct. (Id.)

On April 2, 2003, petitioner and another co-defendant were indicted in a two-count indictment. (Criminal No. 03-0097 (PG), Docket No. 8.) Count one charged that on or about March 28, 2003, the defendants aiding and abetting each other, did knowingly, willfully, intentionally and unlawfully possess with intent to distribute

CIVIL 05-1369 (PG)                                                          2
(CRIMINAL 03-0097 (PG))

333 kilograms of cocaine and 27 kilograms of heroin, all in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. (Criminal No. 03-0097 (PG), Docket No. 8.) Count two charged that on or about March 28, 2003, the defendants aiding and abetting each other did knowingly, willfully, intentionally and unlawfully, import into the United States from a place outside thereof, approximately 333 kilograms cocaine, a Schedule II Narcotic Drug Controlled Substance, and 27 kilograms of heroin, a Schedule I Narcotic Drug Controlled Substance, all in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2.

On October 8, 2003, petitioner pled guilty to count one of the indictment pursuant to a plea agreement entered into under Federal Rules of Criminal Procedure 11(c)(1)(A) and (B). (Criminal No. 03-0097 (PG), Docket No. 58, Change of Plea Hearing Tr. at 15.)

The plea agreement stipulated that petitioner was to be held accountable for 27 kilograms of heroin and a quantity of cocaine of more than 50 but less than 150 kilograms of cocaine. (Id.) Pursuant to U.S.S.G. § 2D1.1, this amount of cocaine and heroin established a base offense level of 36. The parties agreed to a three point reduction due to petitioner's acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), which gave petitioner an adjusted offense level of 33. (Id. at 16.) All parties involved agreed that petitioner met all the requirements of the "safety valve" provisions pursuant to 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. As such, a two

CIVIL 05-1369 (PG)  3
(CRIMINAL 03-0097 (PG))

level reduction in the offense level should have been applied. The government agreed to recommend that petitioner be sentenced to the lower end of the applicable sentencing guidelines, as long as petitioner met the safety valve provision. (Criminal No. 03-0097, Docket No. 58, Change of Plea Heariang Tr. at 17.) If petitioner failed to comply with the safety valve provision, the government stipulated that it would recommend that petitioner be sentenced to the statutory minimum sentence of 120 months. (Id.)

Petitioner was sentenced on January 30, 2004. He met the "safety valve" criteria. (Criminal No. 03-0097 (PG), Docket No. 44.) As such, petitioner had a total offense level of 31, and a Criminal History Category of one, and therefore was sentenced to a term of imprisonment at the lower end of the guidelines, totaling 108 months of imprisonment, a term of supervised release of five years, and a special monetary assessment of $100. (Id.) Pro-se, petitioner filed a notice of appeal on December 17, 2004. (Criminal No. 03-0097 (PG), Docket No. 60.) On April 4, 2005, petitioner filed the instant 2255 motion. (Civil 05-1369, Docket No. 1.) On March 1, 2005, petitioner voluntarily dismissed the appeal upon a letter motion. (Criminal No. 03-0097 (PG), Docket No. 68.)

## II. Discussion

Under section 2255 of Title 28, United States Code, a federal prisoner may move for post conviction relief if:

CIVIL 05-1369 (PG)                                    4
(CRIMINAL 03-0097 (PG))

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). The burden in a 2255 motion is on the petitioner to show that he is entitled to relief under 2255. David v. United States, 134 F.3d at 474.

In order to be successful in an ineffective assistance of counsel claim, a petitioner must show that counsel's deficiencies at trial assumed constitutional dimensions and resulted in prejudice so serious as to have deprived him of a fair trial. Barrett v. United States, 965 F.2d 1184, 1193 (1st Cir. 1992). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984).

The court in Strickland established that to make a determination as to whether counsel's performance was reasonable or not, the court must apply a two-pronged test. Id. at 687. First, the petitioner must convince the court "that counsel's made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" of the Constitution of the United

CIVIL 05-1369 (PG)                                   5
(CRIMINAL 03-0097 (PG))

States. <u>Strickland v. Washingon</u>, 466 U.S. at 687. Second, petitioner must convince the court that he was prejudiced by counsel's poor performance. <u>Id.</u> To prove this, petitioner must show that counsel's performance fell "below an objective standards of reasonableness." <u>Id.</u> at 688. In order to convince the court of prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.

In cases of challenged representation, the court of appeals has stated that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable. . . ." <u>Id.</u> at 690.

Because of the wide range of tactical decisions a criminal attorney may confront, judicial scrutiny of the attorney's performance "must be highly deferential" and indulge in a strong presumption that the challenged action "might be considered sound trial strategy." <u>Id.</u> at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effect of hindsight. . . ." <u>Id.</u> In other words, "[a] petitioner bears a very heavy burden on an ineffective assistance [of counsel] claim." <u>Lema v. United States</u>, 987 F.2d 48, 51 (1st Cir. 1993); <u>see also</u> <u>Argencourt v. United States</u>, 78 F.3d 14, 16 (1st Cir. 1996). With the above standard in mind, I will analyze petitioner Leonardo del Rosario-Rosario's contention.

CIVIL 05-1369 (PG)                                    6
(CRIMINAL 03-0097 (PG))

In petitioner's 2255 motion, he maintained that counsel was ineffective in three different ways: counsel made promises that were never fulfilled, counsel did not put forth sufficient effort in representing petitioner, and counsel engaged in immoral and illegal conduct. With the above standard in mind, I will analyze each of the sub-claims of ineffective assistance of counsel.

Plaintiff has alleged ineffective assistance of counsel based on counsel's alleged promises. Petitioner contends that his attorney made petitioner plead guilty for a sentence of 46 months, telling petitioner that the judge would double his sentence if he did not plead guilty. The record, however, indicates a different scenario. In the plea agreement and at the change of plea hearing, petitioner acknowledged that the statutory minimum sentence for the offense to which he was pleading guilty was 10 years.

> THE COURT: Having explained to you the rights that you have and the fact that you are waiving them by pleading guilty, do you still wish to plead guilty in this case? Mr. Rosario, do you wish to plead guilty?
>
> DEFENDANT ROSARIO: Yes.
>
> . . .
>
> THE COURT: Now, Mr. Rosario, has your attorney explained to you what the minimum and maximum possible penalties provided by law are?
>
> DEFENDANT ROSARIO: Yes.

CIVIL 05-1369 (PG)                              7
(CRIMINAL 03-0097 (PG))

> THE COURT: Do you recall if she [sic] explained to you that the minimum is ten years and the maximum is life?
>
> DEFENDANT ROSARIO: Yes.

(Criminal No. 03- 0097 (PG), Docket No. 58, at 10:11-10:25.)

The preceding transcript taken from the change of plea hearing shows petitioner's willingness to plea and consciousness of the statutory minimum. In fact, counsel's actions significantly benefitted the petitioner. If petitioner's counsel had failed to negotiate the "safety valve" reduction which he did in fact negotiate, the statutory minimum sentence of 120 months would have applied, instead of the lower end of the guideline range which was ultimately applied.

Petitioner's allegation that he was coerced into pleading guilty is also contrary to the record. According to the transcript taken from the change of plea hearing, petitioner continually asserted the voluntary nature of his plea:

> THE COURT: Mr. Rosario, has anybody threatened you in any way to induce you to plead guilty?
>
> DEFENDANT ROSARIO: No.
>
> THE COURT: Is anyone forcing you in any way to plead guilty?
>
> DEFENDANT ROSARIO: No.
>
> THE COURT: Has anyone offered you any rewards or other things of value to get you to plead guilty?
>
> DEFENDANT ROSARIO: No.

CIVIL 05-1369 (PG)                                     8
(CRIMINAL 03-0097 (PG))


>     THE COURT: Has anybody made any predictions to you as to what sentence I will impose?
>
>     DEFENDANT ROSARIO: Could you repeat that?
>
>     THE COURT: Has anybody, made any predictions to you as to what the sentence I will impose? Has anybody told you, "Mr. Rosario, the judge is going to sentence you to X months of jail", a specific sentence?
>
>     DEFENDANT ROSARIO: No.

(Criminal No. 03-0097 (PG), Docket No. 58, at 12:14-13:5.)

>     THE COURT: And also, by signing this plea agreement, both of you are representing to the court that no threats have been made to you to induce you to plead guilty and you are pleading guilty freely and voluntarily, because in fact, you are guilty. Is that correct?
>
>     DEFENDANT ROSARIO: Yes.

(Criminal No. 03-0097 (PG), Docket No. 58, at 18:25-19:6.)

In addition, petitioner was reminded at the sentencing hearing that he was offered a reduced sentence.

>     THE COURT: Let me stress to you that you got off very easy on this sentence because for the amount of drugs that you were bringing into Puerto Rico, the substantial amount of 33 kilos of cocaine and 27 kilos of heroin and you weren't even charged with the heroin and your sentence would have been much higher had not the government worked out a deal with you as they did.

(Criminal No. 03-0097 (PG), Docket No. 73, at 8:23-9:5.)

If the petitioner had decided to proceed to trial, if convicted of the charged offenses, his guideline numeration would have been 36 without any deductions and a Criminal History Category of one. The averaging sentencing range would have

CIVIL 05-1369 (PG)                                   9
(CRIMINAL 03-0097 (PG))

fluctuated from 188 through 235 months of imprisonment. Petitioner was conscious of the computed sentencing guideline that would have been applied to his case if he had decided to go to trial and was found guilty.  Further, the record conclusively indicates that petitioner was not coerced into pleading guilty.

    Plaintiff has alleged ineffective assistance of counsel based on counsel's failure to familiarize himself with the "facts and circumstances" of the case.  This is also contrary to the record.  The record from the change of plea hearing reflects that petitioner's counsel received discovery from the government and this evidence was discussed with the petitioner.

> THE COURT:  Counsel, have you received discovery from the government?
>
> MR. ANGUEIRA [Petitioner's counsel]:  Yes, Your Honor, we have received discovery from the government and we were provided with the evidence that they have if we had to come to trial.
>
> THE COURT:  And have you discussed the evidence with your client?
>
> MR. ANGUEIRA:  Yes, we have, Your Honor.
>
> . . .
>
> THE COURT: Mr. Guerrero, Mr. Rosario, do you agree with the evidence in the possession of the government as to what you did?
>
> DEFENDANT ROSARIO: Yes.

(Criminal No. 03-0097 (PG), Docket No. 58, at 21:19-22:10.)

CIVIL 05-1369 (PG)                             10
(CRIMINAL 03-0097 (PG))

The above record clearly indicates that not only was counsel aware of the facts and circumstances of the case, but that he had time to discuss this evidence with the petitioner. Petitioner willingly acknowledge this fact at the change of plea hearing.

Plaintiff has alleged ineffective assistance of counsel due to counsel's immoral and illegal conduct. Petitioner alleges that due to the fact that his counsel was separated from the practice of law, the legal representation given to petitioner was highly suspect. Petitioner's counsel was separated from the practice of law on November 24, 2003. Petitioner pled guilty on October 8, 2003. At the time Del Rosario-Rosario pled guilty, counsel was a member in good standing of the bar.

A criminal defendant is denied his right to effective assistance of counsel when "unbeknown to the defendant, his representative was not authorized to practice law in any state, and the lack of such authorization stemmed from failure to seek it or from its denial for a reason going to legal ability, such as failure to pass a bar examination, or want of moral character." Solina v. United States, 709 F.2d 160, 167 (2nd Cir. 1983). There is nothing in the record to indicate that counsel's services were not adequate. The fact that counsel was subsequently disbarred from the practice of law has no bearing on the case nor was it the result of his performance in petitioner's case. There was neither cause nor prejudice to the petitioner as a consequence of counsel's disciplinary case.

CIVIL 05-1369 (PG)                                    11
(CRIMINAL 03-0097 (PG))

Petitioner's three claims related to ineffective assistance of counsel are underdeveloped and trite. Petitioner claims that counsel's trial strategy was poor. Such strategy, however, is not sufficient to prove ineffective assistance of counsel. Petitioner must show "that there is a 'reasonable probability' that, absent counsel's error, the outcome would have been different." Strickland v. Washington, 466 U.S. at 714. In this respect, petitioner has failed.

## IV.  CONCLUSION

The evidence against the defendant in the criminal case was strong, indeed weighty. The record clearly and conclusively refutes the baseless and senseless allegations of the petition. The court is not required to grant a remedy for a non-existent Sixth Amendment violation. Petitioner received precisely what he well bargained for and the trial court was more than candid when it stressed that petitioner got off easy. Because I find that petitioner has failed to meet the heavy burden imposed on him to show ineffective assistance of counsel, his sentence should not be disturbed. I recommend petitioner's motion be summarily DENIED in its entirety without an evidentiary hearing.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the

CIVIL 05-1369 (PG)                                12
(CRIMINAL 03-0097 (PG))

portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 23d day of November, 2005.

S/ JUSTO ARENAS
Chief United States Magistrate Judge